# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32731 (f rev)

_____

### UNITED STATES
*Appellee*

**v.**

### Tyrone GAMMAGE
Airman (E-2), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 15 December 2023

_____

*Military Judge*: Colin P. Eichenberger; Christopher D. James (remand).

*Sentence*: Sentence adjudged on 17 May 2022 by SpCM convened at Francis E. Warren Air Force Base, Wyoming. Sentence entered by military judge on 8 June 2022: Bad-conduct discharge, confinement for 6 months, forfeiture of $1,190.00 pay per month for 6 months, and reduction to E-1.

*For Appellant*: Major Samanth P. Golseth, USAF; Jacob P. Frankson, Legal Extern.[1]

*For Appellee*: Colonel Matthew P. Talcott, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Major Brittany M. Speirs, USAF; Captain Olivia B. Hoff, USAF; Captain Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire; Abigail E. Thomas, Legal Extern.[2]

Before ANNEXSTAD, GRUEN and KEARLEY, *Appellate Military Judges*.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Judge GRUEN and Judge KEARLEY joined.

_____

[1] Mr. Frankson was supervised by attorneys admitted to practice before this court.

[2] Ms. Thomas was supervised by attorneys admitted to practice before this court.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

ANNEXSTAD, Senior Judge:

On 17 May 2022, Appellant was tried by a special court-martial at Francis E. Warren Air Force Base, Wyoming. In accordance with his pleas and pursuant to a plea agreement, a military judge found Appellant guilty of one specification of failure to obey a lawful order, one specification of destruction of non-military property, two specifications of domestic violence, and one specification of disorderly conduct, in violation of Articles 92, 109, 128b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 909, 928b, 934.[3] The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of $1,190.00 pay per month for six months, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence.

On 5 May 2023, Appellant submitted his assignment of error brief in which he raised one issue: the record of trial was incomplete in that it was missing all eight attachments to the stipulation of fact, which was admitted as a prosecution exhibit during his court-martial. On 5 June 2023, we remanded this case to the Chief Trial Judge, Air Force Trial Judiciary, to address the missing attachments to Appellant's stipulation of fact. *United States v. Gammage*, No. ACM S32731, 2023 CCA LEXIS 240, at *2 (A.F. Ct. Crim. App. 5 Jun. 2023) (order).

On 23 June 2023, Appellant's case was re-docketed with this court. On 18 August 2023, Appellant submitted another assignment of error brief and again alleged that the record of trial was incomplete, in that it still was missing four of ten photographs that were part of Attachment 6 to the stipulation of fact. Appellant also raised one additional issue: whether the Government's submission of an incomplete record of trial to this court subjected Appellant to unreasonable post-trial delay. On 29 September 2023, we remanded this case a second time to the Chief Trial Judge, Air Force Trial Judiciary, specifically to address the missing photographs that were part of Attachment 6 to Appellant's stipulation of fact. *United States v. Gammage*, No. ACM S32731 (f rev), 2023 CCA LEXIS 421, at *2 (A.F. Ct. Crim. App. 29 Sep. 2023) (order).

_____

[3] All references in this order to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

On 13 October 2023, Appellant's case was again re-docketed with this court. Appellant submitted another assignment of error brief and agreed that the record of trial was complete. Appellant did not raise any new issues. As both parties agree that the record of trial is complete, we find that issue is resolved, and no further discussion is warranted.

We discuss the remaining issue regarding unreasonable post-trial delay below. Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant's court-martial concluded on 17 May 2022, and the entry of judgment was signed by the military judge on 8 June 2022. Appellant's case was originally docketed with this court on 11 July 2022. Subsequently, and as discussed above, Appellant's case was remanded twice, with the final docketing date occurring on 13 October 2023.

## II. DISCUSSION

Appellant contends that the Government's submission of an incomplete record of trial with this court subjected him to unreasonable post-trial delay because a complete record of trial was not docketed with this court in compliance with *United States v. Moreno,* 63 M.J. 129 (C.A.A.F. 2006) and *United States v. Livak*, 80 M.J. 631 (A.F. Ct. Crim. App. 2020). We disagree, and find no relief is warranted.

We review the question of whether an appellant's due process rights are violated because of post-trial delay de novo. *Livak*, 80 M.J. at 632. In *Moreno,* the United States Court of Appeals for the Armed Forces identified thresholds for facially unreasonable delay during three particular segments of the post-trial and appellate process. 63 M.J. at 141–43. Specifically, our superior court established a presumption of facially unreasonable delay where: (1) the convening authority did not take action within 120 days of the completion of trial, (2) the record was not docketed with the Court of Criminal Appeals (CCA) within 30 days of the convening authority's action, or (3) the CCA did not render a decision within 18 months of docketing. *Id.* at 142.

In *Livak,* this court recognized that "the specific requirement in *Moreno* which called for docketing to occur within 30 days of action no longer helps us determine an unreasonable delay under the new procedural rules." 80 M.J. at 633. In acknowledgment of this fact, this court established an aggregated sentence-to-docketing 150-day threshold for facially unreasonable delay in cases, like Appellant's, that were referred to trial on or after 1 January 2019.

"In the absence of a due process violation, this court considers whether relief for excessive post-trial delay is warranted consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d)." *Id*. at 632; *see also United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

Appellant's primary argument on appeal is that a complete record of trial in his case was not docketed with this court until 13 October 2023—over 500 days after Appellant was sentenced—and well past the 150-day threshold established by this court in *Livak*. However, we do not find a facially unreasonable delay under *Livak* or *Moreno*. We are not aware of any authority where our superior court has articulated that only a complete record of trial will forestall a presumption of post-trial delay. In Appellant's case, the record of trial was docketed with this court on 11 July 2022, some 55 days after Appellant was sentenced. As this was well below the 150-day standard, we find that the Government categorically complied with this court's decision in *Livak,* and that no facially unreasonable post-trial delay occurred. Furthermore, since this court's decision is being rendered within 18 months of original docketing (11 July 2022), we find no facially unreasonable delay of appellate review has occurred. Additionally, we conclude that Appellant's due process rights have not been violated.

While we recognize that records of trial are remanded on occasion due to omissions or other defects, we decline to create a new requirement for cases that are docketed, remanded, and later re-docketed with this court. We find the original standards announced in *Moreno,* and its progeny, adequately protect "an appellant's due process right to timely post-trial and appellate review." *Livak*, 80 M.J. at 633.

Finally, recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See Tardif*, 57 M.J. at 225. After considering the factors enumerated in *Gay*, 74 M.J. at 744, we conclude it is not.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court